IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARIA ELENA RUIZ, | § § | |
| Plaintiff, | § § | |
| V. | § § | C.A. NO. 5:16-CV-1303 |
| STANDARD INSURANCE COMPANY, | § § § § | |
| Defendant. | § | |

## NOTICE OF REMOVAL

Defendant Standard Insurance Company ("Standard"), for the purpose only of removing this case to the United States District Court for the Western District of Texas, San Antonio Division states:

1. **State Court Action.** Plaintiff Maria Elena Ruiz ("Plaintiff") filed this action in the 224th District Court of Bexar County, Texas, Cause No. 2016-CI-20071, on November 18, 2016. Plaintiff not only seeks declaratory relief, but asserts claims against Standard for breach of contract, violations of the Texas Insurance Code, and bad faith based on the alleged improper denial of benefits under a group long-term disability ("LTD") insurance policy ("Policy") issued by Standard.

2. **Diversity of Citizenship.** The Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. Specifically, Plaintiff was a citizen and resident of the state of Texas at the time this action was filed and remains a citizen and resident of Texas as of the date of this removal. [Petition, p. 1.] Standard is an Oregon corporation with its principal

office and place of business in Portland, Oregon. [*See* Declaration of Standard ("Declaration") attached hereto as Exhibit A, ¶2.] Accordingly, Standard was a citizen and resident of Oregon at the time this action was filed and remains a citizen and resident of Oregon as of the date of this removal. Therefore, complete diversity of citizenship exists between Plaintiff, on the one hand, and Standard, on the other hand.

3. **Amount in Controversy.** The amount in controversy is also met. Based on the face of the Plaintiff's Original Petition, the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs. While Plaintiff failed to comply with the requirements of Rule 47 of the Texas Rules of Civil Procedure with respect to her claims for relief[1], Plaintiff seeks, among other things, LTD benefits of $3,700.00 per month under the Policy, treble damages, punitive damages, and her attorneys' fees and costs. [Petition, pp. 5-7, ¶¶14, 23.] Standard closed Plaintiff's claim for LTD benefits under the Policy on April 4, 2012. [Declaration, ¶5.] Accordingly, the total LTD benefits sought by Plaintiff through the time of removal total approximately $210,900 (57 months x $3,700), which meets the requisite amount in controversy. [Declaration, ¶6.]

Additionally, Plaintiff seeks "treble damage and the statutory penalties provided by the Texas Insurance Code," as well as her court costs, attorney's fees, punitive damages, and "[a]ll statutory 'additional' damages; and … [a]ll such other relief, at law or in equity, to which Plaintiff may show to be entitled." [Petition, p. 7, ¶¶22-23.] Therefore, it cannot seriously be disputed that the amount in controversy exceeds $75,000

---

[1] Plaintiff merely plead that she "seeks monetary relief of not more than $1,000,000." [Petition, p. 1, ¶2.] This statement does not comply with Tex. R. Civ. P. 47 (c).

several times over, exclusive of interest and costs. *See e.g. Dow Agroscience L.L.C. v. Bates*, 332 F.3d 323, 326 (5th Cir. 2003) (claim for $18,242.50, trebled under the DTPA, plus attorneys' fees meets the $75,000 jurisdictional threshold), *vacated on other grounds*, 544 U.S. 531 (2005).; *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("in addition to policy limits and potential attorney's fees, items to be considered in ascertaining the amount in controversy when the insurer could be liable for those sums under state law are *inter alia* penalties, statutory damages, and punitive damages"); *Graham v. Henegar*, 640 F.2ed 732, 735-36, n.9 (5th Cir. 1981) (attorneys' fees included in calculating amount in controversy). In sum, for all of the foregoing reasons, the amount in controversy exceeds the jurisdictional minimum.

4. **Removal is Proper.** The Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, exclusive of interest and costs, and this action is between citizens of different states. Accordingly, this action may be removed pursuant to 28 U.S.C. § 1441. In addition, removal is timely under 28 U.S.C. § 1446(b) as Standard was served with process on November 28, 2016, which was the first time that Standard received, through service or otherwise, a copy of the initial pleading setting forth the claim for relief upon which this action is based.

5. **State Court Documents Attached.** A copy of the state court docket sheet and documents filed in the state court action, arranged in chronological order, are attached as Exhibit B. These documents constitute the pleadings, process, or orders filed in the state court or received by Standard. Finally, pursuant to 28 U.S.C. §1446(d), a

copy of this Notice of Removal shall be provided to all adverse parties and filed with the clerk of the state court.

## RELIEF REQUESTED

Standard respectfully requests that the United States District Court for the Western District of Texas, San Antonio Division, accept this Notice of Removal and that it assume jurisdiction of this cause and grant such other and further relief as may be necessary.

Dated:  December 27, 2016.                Respectfully submitted,


By:  */s/ Ryan K. McComber*
     Ryan K. McComber
     State Bar No. 24041428
     ryan.mccomber@figdav.com
     Daniel M. Branum
     State Bar No. 24064496
     dan.branum@figdav.com

**FIGARI + DAVENPORT, LLP**
901 Main Street, Suite 3400
Dallas, Texas  75202
Telephone: (214) 939-2000
Facsimile: (214) 939-2090

ATTORNEYS FOR DEFENDANT
STANDARD INSURANCE COMPANY


## CERTIFICATE OF SERVICE

I certify that all attorneys deemed to accept service of the above referenced document electronically will be notified via the Court's CM/ECF system, and all others will be notified via certified mail, return receipt requested on this 27th day of December, 2016.

*/s/ Ryan K. McComber*
Ryan K. McComber