Civil Action No. 5:16-cv-1303



# Case #2016CI20071

**Name**:

**Date Filed** : 11/18/2016

**Case Status** : PENDING

**Litigant Type** : DEFENDANT

**Court** : 224

**Docket Type** : INSURANCE

**Business Name** : STANDARD INSURANCE COMPANY

**Style** : MARIA E RUIZ

**Style (2)** : vs STANDARD INSURANCE COMPANY

***EXHIBIT B***

# Case History

*Currently viewing 1 through 5 of 5 records*

| Sequence | Date Filed | Description |
|---|---|---|
| P00004 | 12/19/2016 | ORIGINAL ANSWER OF<br>STANDARD INSURANCE COMPANY |
| S00001 | 11/21/2016 | CITATION<br>STANDARD INSURANCE COMPANY<br>ISSUED: 11/21/2016 RECEIVED: 11/22/2016<br>EXECUTED: 11/28/2016 RETURNED: 12/2/2016 |
| P00003 | 11/18/2016 | SERVICE ASSIGNED TO CLERK 3 |
| P00002 | 11/18/2016 | JURY FEE PAID |
| P00001 | 11/18/2016 | PETITION<br>WITH JURY DEMAND |

FILED
11/18/2016 10:15:18 AM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Laura Rodriguez

cit pps/sac3 w/jd

CAUSE NO **2016CI20071**

| | | |
|---|---|---|
| MARIA ELENA RUIZ<br>Plaintiff | §<br>§<br>§ | IN THE DISTRICT COURT OF |
| VS. | §<br>§ | **224th** JUDICIAL DISTRICT |
| STANDARD INSURANCE COMPANY<br>Defendant | §<br>§ | BEXAR COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION with REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, MARIA ELENA RUIZ, (herein after referred to as Plaintiff), files this original petition against defendant, STANDARD INSURANCE COMPANY (herein after referred to as Defendant), and alleges as follows:

### I.
### DISCOVERY PLAN LEVEL 3

1. Plaintiff intends to conduct discovery under Level 3 of Texas Rule of Civil Procedure 190.4. Plaintiff will seek a Court Order with a discovery control plan shortly after Defendant files their Answer.

### II.
### CLAIM FOR RELIEF

2. Plaintiff seeks monetary relief of not more than $1,000,000. Plaintiff reserves the right to modify this amount as the circumstances warrant.

### III.
### PARTIES

3. Plaintiff is an individual resident of San Antonio, Bexar County, Texas.

4. Defendant is an insurance company licensed to do business in Texas, whose

address is 1100 Southwest 6th Avenue P11d, Portland, Oregon 97204. Defendant may be served with process by serving its attorney for service CT Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas 75201 or may served with process at any other place and in any manner authorized by the Texas Rules of Civil Procedure.

## IV.
## JURISDICTION

5. This court has subject-matter jurisdiction over this lawsuit and the damages sought are within the jurisdictional limits of this court.

## V.
## VENUE

6. Venue is proper in Bexar County, Texas, in that the loss and the breach made the basis of this action occurred in Bexar County, Texas.

## VI.
## FACTUAL ALLEGATIONS

7. In 1996, Plaintiff became employed as a full-time teacher for Northside Independent School District. Over the years, she became a principal and was very close to obtaining her Ph.D. In her capacity as an employee of the school district, she obtained a long term disability insurance policy (LTD) written by Defendant.[1] Plaintiff faithfully paid her premiums for years. Unfortunately, Plaintiff started getting sick in 2007. During that time, she experienced pain, defective vision, other eye problems, weakness and other medical complications. The symptoms were indicative of multiple sclerosis ("MS"), but she was not diagnosed with MS at that time.

8. In 2010, Plaintiff was no longer able to work because of her physical limitations,

---

[1] Because Plaintiff worked for a school district in the State of Texas, she is not covered by ERISA and Plaintiff's state-law claims alleged herein are not preempted by ERISA.

and she applied for long term disability with Defendant. She was awarded monthly benefits, but only on a temporary (2-year) basis. Defendant claimed that Plaintiff's disability was because of a mental illness rather than a physical illness. Thus, Defendant ended Plaintiff's benefits in April, 2012 pursuant to a limitation in the policy that provided for only a 2-year benefit period when the disability was caused by a mental, rather than physical illness. Plaintiff appealed Defendant's decision to stop her benefits, but Defendant told her that she did not have the medical documentation that was sufficient for Defendant to award additional benefits.

9.      Plaintiff was diagnosed with MS in March, 2013. Thus, she again sought to have her benefits resumed. However, Defendant argued that because she was no longer covered by the long term disability insurance policy, she was required to prove that her physical disability occurred before April, 2012. In other words, even though she was not diagnosed until 2013, Defendant required Plaintiff to prove that her disabling condition existed before April, 2012. Plaintiff did this by providing letters from several of her treating physicians who unanimously opined that Plaintiff had symptoms of MS back in 2007 and that her symptoms causing her total disability were from MS in 2010. These physicians looked at multiple MRI's of the brain as well as other medical documentation to show that Plaintiff had objective evidence of MS back in 2007, but that she was misdiagnosed until 2013. Plaintiff provided this evidence from some of the most qualified doctors in San Antonio. The evidence establishing that she was entitled to long term disability benefits was given to Defendant in August, 2014.

10.     Plaintiff complied with all procedural prerequisites for payment, and she fully cooperated with Defendant in the evaluation of her claim. For example, she signed a medical authorization and allowed Defendant unrestricted access to her medical records, and Defendant obtained medical records from several providers. Thus, Defendant had access to unfiltered medical

records to fully evaluate Plaintiff's claims. All of this documentation supported Plaintiff's claim that she had been misdiagnosed and that, in fact, she had a physical condition that caused total disability back in 2010.

11.   In response to the overwhelming evidence supporting Plaintiff's right to receive her disability benefits, Defendant hired some in-house doctors to support its decision to deny the claim. These doctors were paid by Defendant and never actually saw or treated Plaintiff. Their opinions were nothing more than after-the-fact justifications for Defendant's wrongful denial.

12.   On or about August 11, 2014, Defendant sent a letter to Plaintiff stating that it had received Plaintiff's documentation, and that Plaintiff would receive a response within 2-weeks. It took 10 months for Defendant to review her claim, and Defendant denied Plaintiff's renewed claim on June 11, 2015. Plaintiff now files suit to recover the benefits to which she is entitled.

13.   Plaintiff also seeks recovery for the consequential damages she sustained as a result of Defendant's wrongful denial. Specifically, because Defendant did not pay Plaintiff the disability benefits to which she was entitled, Plaintiff went without medical care. She could not work and could not pay for health insurance. Thus, Plaintiff suffered additional pain, further neurological deficits and other medical complications as a proximate result of Defendants denial. If Defendant had not wrongly denied the claim, Plaintiff would have had the resources to get proper medical treatment.

### VII.
### ACTION FOR BENEFITS UNDER THE POLICY – BREACH OF CONTRACT

14.   Plaintiff incorporates the factual allegations contained in paragraphs 7-13 of this Petition into this cause of action for Breach of Contract. Because she experienced a permanent and total disability flowing out of a physical injury during the policy period, Plaintiff is legally entitled to the contractual benefits due under her contract for benefits under her LTD policy with

Defendant. Pursuant to the LTD policy, Plaintiff seeks monetary benefits due under the policy as well as a judicial determination of that she is entitled to her full monthly benefit until she is 65 years old per the terms of the LTD.

15.     Plaintiff timely and properly notified Defendant of her claim. All conditions precedent have been performed or have occurred. Plaintiff provided Defendant with all documentation and medical records necessary for Defendant to investigate and accept her LTD claim. Yet, Defendant denied the claim in violation of the terms of the insurance contract. Plaintiff is entitled to her LTD benefits, and Defendant's failure to pay constitutes a breach of contract.

## VIII.
## CLAIM FOR RELIEF- DECLARATORY JUDGMENT

16.     Plaintiff incorporates the factual allegations contained in paragraphs 7-13 of the Petition into this cause of action for Declaratory Judgment. Plaintiff seeks a declaratory judgment pursuant to Texas Civil Practice & Remedies Code Ch. 37 construing the contract of insurance and declaring Plaintiff's rights and obligations under the contract.

17.     Specifically, Plaintiff seeks a declaration that she is disabled under the terms of her insurance policy with Defendant and that she is entitled to the monthly benefit as provided in the policy.

18.     As a result of Defendant's failure to pay the benefits owed, Plaintiff has incurred attorneys' fees and costs to bring this Declaratory Judgment action, and will incur additional costs and attorneys' fees in the future. Plaintiff seeks recovery of reasonable and necessary attorneys' fees pursuant to Section 37.009 of the Texas Civil Practice & Remedies Code.

### IX.
### INSURANCE CODE VIOLATIONS

19. Plaintiff incorporates the factual allegations contained in paragraphs 7-13 of this Petition into this cause of action for Insurance Code violations. In violation of Chapter 541 of the Texas Insurance Code, Defendant has knowingly and intentionally engaged in unfair practices with respect to this claim including, but not limited to, failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear and refusing to pay a claim without conduction a reasonable investigation with respect to the claim.

20. Further, Defendant violated Chapter 541 by requiring Plaintiff to institute this suit because of its failure to make a reasonable offer to Plaintiff to settle this claim.

### COMMON LAW BAD FAITH INSURANCE PRACTICES

21. Plaintiff incorporates the factual allegations contained in paragraphs 7-13 of this Petition into this cause of action for bad faith insurance practices. As alleged above, Plaintiff had a valid insurance contract between Plaintiff and Defendant, which contract created a duty of good faith and fair dealing. Defendant breached its duty of good faith and fair dealing when it denied or delayed payment of policy limits when liability was reasonably clear. Defendant's breaches proximately caused the Plaintiff's damages.

### X.
### DAMAGES

22. Plaintiff sustained damages proximately caused by the breaches described above. These damages include, but are not limited to, the benefits owed under the policy, a worsening of her medical condition caused by Plaintiff's inability to pay for medical care, additional physical pain and suffering that would not have occurred if Defendant had not breached, and mental

anguish that would not have occurred if Defendant had not breached. Further, Plaintiff is entitled to treble damages and the statutory penalties provided by the Texas Insurance Code for Defendant's actions as outlined herein. Plaintiff is also entitled to is entitled to reasonable attorney's fees pursuant to the breach of contract, and insurance code violations alleged herein as well as pursuant to the declaratory judgment statute alleged herein. Plaintiff's damages are within the jurisdictional limits of this court. Plaintiff is also entitled to prejudgment interest.

## XI.
## PRAYER

23.  WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer, and that on final trail Plaintiff have:

1. Declaratory relief as outlined above, including a declaration that Plaintiff is entitled to the monthly benefits as provided in her disability insurance policy written by Defendant, that Defendant is contractually obligated to pay the full monthly benefit provided in the policy, and specifying the amount of damages, attorneys' fees, interest, and court costs that Defendant is obligated to pay;
2. Judgment against Defendant for all the damages and injuries she has sustained;
3. Prejudgment interest;
4. Post-judgment interest;
5. Cost of court;
6. Statutory attorney's fees;
7. Punitive damages;
8. All statutory "additional" damages; and
9. All such other relief, at law or in equity, to which Plaintiff may show to be entitled.

## XII.
## JURY DEMAND

24.  Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

## XIII.
## REQUEST FOR DISCLOSURES

25. Under Texas Rule of Civil Procedure 194, Plaintiff requests that defendant disclose, within 50 days of service of this request, the information or material described in Rule 194.2

Respectfully submitted,

THE PACKARD LAW FIRM

By: _____
DANIEL W. PACKARD
State Bar No. 00791392
Email: dan@packardfirm.com

MICHAEL J. PACKARD
State Bar No. 24062255
Email: michael@packardfirm.com

1100 NW Loop 410, Suite 104
San Antonio, Texas 78213
Telephone Number: (210) 340-8877
Fax Number: (210) 340-8787

**ATTORNEYS FOR PLAINTIFF**

PRIVATE PROCESS

Case Number: 2016-CI-20071        2016CI20071 S00001

**MARIA E RUIZ**
**VS.**
**STANDARD INSURANCE COMPANY**
(Note:Attached Document May Contain Additional Litigants.)

IN THE DISTRICT COURT
224th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

## CITATION

"THE STATE OF TEXAS"

Directed To: STANDARD INSURANCE COMPANY
BY SERVING ITS ATTORNEY FOR SERVICE CT CORPORATION SYSTEM

*11/28 9:10 AM*
*by CM*
*scH 1574*
*exp 10-31-17*

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you." Said petition was filed on the 18th day of November, 2016.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 21ST DAY OF NOVEMBER A.D., 2016.

PETITION

DANIEL W PACKARD
ATTORNEY FOR PLAINTIFF
1100 NW LOOP 410 104
SAN ANTONIO, TX 78213-2263



**Donna Kay McKinney**
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas 78205

By: *Olivia Cruz*, Deputy

---

**OFFICER'S RETURN**

I received this citation on _____ at _____o'clock ___M. and:( ) executed it by delivering a copy of the citation with the date of delivery endorsed on it to the defendant,_____ in person on the _____ at _____o'clock ___M. at:_____ or ( ) not executed because _____ Fees:_____ Badge/PPS #:_____
Date certification expires:_____
_____County, Texas

By:_____

OR: VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO this
_____.

_____
NOTARY PUBLIC, STATE OF TEXAS

OR: My name is_____, my date of birth is_____, and my address is _____, _____(County).
I declare under penalty of perjury that the foregoing is true and correct. Executed in _____County, State of Texas, on the _____ day of_____, 20_____.

_____
Declarant         ORIGINAL (DK002)


**CT Corporation**

**Service of Process Transmittal**
11/28/2016
CT Log Number 530245456

**TO:** Holley Franklin
Standard Insurance Company
1100 SW 6th Ave, P12B
Portland, OR 97204-1093

**RE:** **Process Served in Texas**

**FOR:** Standard Insurance Company (Domestic State: OR)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | MARIA ELENA RUIZ, Pltf. vs. Standard Insurance Company, Dft. |
| **DOCUMENT(S) SERVED:** | Citation, Petition |
| **COURT/AGENCY:** | 224th Judicial District Court Bexar County, TX<br>Case # 2016CI20071 |
| **NATURE OF ACTION:** | Insurance Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 11/28/2016 at 09:10 |
| **JURISDICTION SERVED:** | Texas |
| **APPEARANCE OR ANSWER DUE:** | By 10:00 a.m. on the Monday next after the expiration of 20 days after you were served (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | MICHAEL J. PACKARD<br>THE PACKARD LAW FIRM<br>1100 NW Loop 410, Suite 104<br>San Antonio, TX 78213<br>(210) 340-8877 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 11/28/2016, Expected Purge Date: 12/03/2016<br><br>Image SOP<br><br>Email Notification, Darcy Lagerquist  darcy.lagerquist@standard.com<br><br>Email Notification, Holley Franklin  holley.franklin@standard.com<br><br>Email Notification, Cheryl Brinster  cheryl.brinster@standard.com<br><br>Email Notification, Patricia Dillman  patricia.dillman@standard.com<br><br>Email Notification, Tianna Martinez  Tianna.Martinez@standard.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201 |

Page 1 of 2 / SP

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



**CT Corporation**

**Service of Process Transmittal**
11/28/2016
CT Log Number 530245456

**TO:** Holley Franklin
Standard Insurance Company
1100 SW 6th Ave, P12B
Portland, OR 97204-1093

**RE:** **Process Served in Texas**

**FOR:** Standard Insurance Company (Domestic State: OR)

**TELEPHONE:** 214-932-3601

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

FILED
12/19/2016 9:56:56 AM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Larry Botello Jr.

NO. 2016-CI20071

| | | |
|---|---|---|
| MARIA ELENA RUIZ, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | 224TH JUDICIAL DISTRICT |
| | § | |
| STANDARD INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | BEXAR COUNTY, TEXAS |

## DEFENDANT'S ORIGINAL ANSWER

Defendant Standard Insurance Company ("Standard") files its original answer to Plaintiff's Original Petition, and states:

1. **General Denial.** Subject to such admissions and stipulations as may be made at or before time of trial, Standard denies generally and specially the material allegations in Plaintiff's Original Petition, pursuant to TEX. R. CIV. P. 92, and demands strict proof thereof in accordance with the requirements of the laws of this state.

2. **Relief Requested.** Standard requests the following relief:

    (a)  That Plaintiff take nothing by reason of her suit;

    (b)  That Standard be dismissed with its costs; and

    (c)  That Standard have such other and further relief, both general and special, at law and in equity, to which it may show itself justly entitled.

Dated:  December 19, 2016  Respectfully submitted,


By: */s/ Daniel M. Branum*
Ryan K. McComber
State Bar No. 24041428
ryan.mccomber@figdav.com
Daniel M. Branum
State Bar No. 24064496


**FIGARI + DAVENPORT, LLP**
901 Main Street, Suite 3400
Dallas, Texas  75202
Telephone: (214) 939-2000
Facsimile: (214) 939-2090

ATTORNEYS FOR DEFENDANT
STANDARD INSURANCE COMPANY


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing instrument has been served on the following counsel of record via electronic filing on December 19, 2016:

| | |
|---|---|
| Daniel W. Packard<br>dan@packardfirm.com<br>Michael Packard<br>michael@packardfirm.com<br>1100 NW Loop 410, Suite 104<br>San Antonio, Texas 78213 | Via E-File:  Efile.TXCourts.gov |


 */s/Daniel M. Branum*
Daniel M. Branum